

**IT IS ORDERED as set forth below:**

**Date: August 21, 2018**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| JAMES DANIEL CUNNINGHAM, | CASE NO. 18-59411-BEM |
| Debtor. | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION, | |
| Movant, | |
| v. | Contested Matter |
| JAMES DANIEL CUNNINGHAM, | |
| Respondent. | |

**ORDER GRANTING MOTION TO VALIDATE FORECLOSURE SALE**

This matter came before the Court on August 15, 2018, at 2:15 p.m., for a hearing on Freedom Mortgage Corporation's ("Movant") Amended Motion to Validate Foreclosure Sale [Doc. 25] (the "Motion") and Debtor's Response and Motion to Deny Amended Motion to

Validate Foreclosure Sale and Debtor's Motion for Imposition of Sanctions [Doc. 28] ("Debtor's Response & Motion for Sanctions").[1]

At the hearing, Anjali Khosla appeared as counsel for Movant, and Sonya Buckley appeared as counsel for the Chapter 13 trustee. Debtor did not appear. At 1:10 p.m. on the hearing date, Debtor filed a Motion to Continue Hearings and Notice of Medical Condition [Doc. 35] (the "Motion to Continue").[2] As justification for a continuance, the Motion to Continue states only, "Debtor is unable to attend or give prior notice due to health reasons." Attached to the Motion to Continue is a letter dated August 14, 2018, written by John Turner, a physician's assistant at Reagan Medical Center. The note states that Debtor "has an acute exacerbation of chronic medical illness that has been incapacitating and [Debtor] is unable to attend any court or other proceeding from 7-30-18 through 8-24-18." At the hearing, the Court addressed, and Movant opposed, the Motion to Continue. The Court denied the Motion to Continue as to the hearing on the Motion, explaining its reasons on the record. The Court then proceeded to hear the Motion.

In the Motion, Movant seeks an order stating the automatic stay of 11 U.S.C. § 362(a) did not apply to the June 5, 2018, foreclosure sale of real property located at 4313 Executive Drive, Stone Mountain, Georgia (the "Property"). The foreclosure sale was conducted at 11:34 a.m. on June 5, shortly after Debtor filed this case at 9:45 a.m.. Movant alleges that Debtor had no rights or interest in the Property, that the Property did not enter the estate, and that the Property was not protected by the automatic stay at the time of the foreclosure sale. Movant acknowledges in the

---

[1] Also scheduled to be heard at 2:15 p.m. on August 15 were the following documents filed by Debtor: Judicial Notice [Doc. 22], Motion to Recuse of Disqualify Judge and Trustee and Change of Venue or in the Alternative Voluntarily Dismiss and Notice of D.O.J. Complaint [Doc. 23], and Voluntary Dismissal [Doc. 29]. The Court will issue separate orders on those documents.

[2] The Motion to Continue was filed in paper at the Clerk's Office (rather than electronically through ECF), which delayed docketing until 3:00 p.m. The Court, Movant, and Chapter 13 trustee, however, were aware of the Motion to Continue before then because Debtor served the Motion to Continue on the other parties via e-mail.

2

Motion that the loan and security documents under which Movant conducted the foreclosure sale were executed by Debtor as attorney-in-fact for John W. Turner; that as of June 5, the record owner of the Property was Joshua Gerald Crowe, by virtue of a warranty deed dated January 2, 2017, and executed by Debtor as attorney-in-fact for John W. Turner; and that Debtor had provided to Movant's counsel a copy of a Specific Power of Attorney (the "POA") executed by Joshua Gerald Crowe in favor of Debtor.[3]

In Debtor's Response & Motion for Sanctions, Debtor asserts, in relevant part, that (1) the POA was "coupled with an interest in the subject property and same interest is granted to Debtor, and by extension, Debtor's Estate," (2) Debtor is a lessee of the Property by virtue of a lease from Joshua Gerald Crowe to Debtor, (3) the POA and lease each grant Debtor an interest in the Property that brought the Property under the protection of the automatic stay, (4) before the foreclosure sale, Movant received a copy of the POA and was thus aware of the interest in the Property provided by the POA, and (5) at 10:30 a.m. on June 5, Debtor's petition preparer faxed to Movant a Certificate of Filing and Notice of Automatic Stay as well as a copy of the lease showing Debtor as lessee of the Property. Debtor requests that the Court deny the Motion "and to further impose sanctions against Movant and the other actors" who participated in the sale, including the foreclosure sale purchasers and certain of Movant's attorneys.

The Court granted the Motion at the hearing, explaining its reasons on the record. In short, the Court concluded that the Property did not enter Debtor's estate when this case was filed on June 5 and that, therefore, the Property was not protected from foreclosure by the automatic stay.

---

[3] Summarized, the POA attached as Exhibit D to the Motion shows that Debtor was given the power to sell or lease the Property and to take certain actions necessary in any sale or lease, such as the power to market the Property, negotiate contracts, and execute documents.

3

The Court, at the hearing, did not announce an alternative basis for granting the Motion, but supplements its previous ruling as follows. To the extent that the POA and Debtor's lease of the Property created an interest sufficient to put the Property under the protection of the automatic stay, the Court finds grounds to annul (or retroactively modify) the automatic stay under 11 U.S.C. § 362(d). "The Eleventh Circuit has ruled that transactions in violation of the automatic stay of § 362(a) are void, but may be validated through annulment of the stay pursuant to § 362(d)." *Litton Loan Servicing, LP v. Rockdale County (In re Howard)*, 391 B.R. 511, 518 (Bankr. N.D. Ga. 2008) (Bonapfel, J.) (citing *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir. 1984); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)). In determining whether to annul the automatic stay, courts largely focus on the parties' conduct (i.e., whether the moving party acted innocently or in knowing violation of the stay, and whether the debtor has engaged in inequitable conduct) but also account for other equitable considerations, such as whether the court would have granted a timely filed motion for stay relief. *See generally id.* at 517–20.

Here, the parties' conduct weighs heavily in favor of annulling the stay. As to Movant's conduct, the Court has no basis to conclude Movant acted unreasonably or with knowledge that the Property was protected by the stay. Debtor alleges his petition preparer faxed a notice of the bankruptcy filing (with a copy of the POA and lease) to Movant and Movant's counsel "at approximately 10:30 a.m." The Court will assume this allegation is true.[4] The Court will also assume Movant's foreclosure counsel had actual notice before the foreclosure occurred at 11:34

---

[4] In Debtor's Motion to Enlarge Time to File Balance of Documents [Doc. 17], filed June 19, 2018, Debtor states he asked his petition preparer to fax the Notice of Bankruptcy Filing before 10:00 a.m. to Movant's foreclosure counsel, but the preparer "provided no … proof to Debtor, and has changed his story on how and at what time he sent the notice." Debtor's Judicial Notice [Doc. 22], filed on July 6, 2018, indicates Debtor still had not received verification from the preparer. The current allegations regarding a 10:30 a.m. fax are made without reference to any documentation or source of information.

4

a.m. In that scenario, actual knowledge of Debtor's bankruptcy filing is not tantamount to actual knowledge that the automatic stay protects the Property. Debtor has no contractual relationship with Movant and does not own the Property. To the extent the automatic stay protected the Property, the interest giving rise to that protection is not evident on the theories and documents set forth by Debtor.

As to Debtor's conduct, Debtor has provided few, if any, reasons to believe this case was filed for a proper purpose. Debtor never filed schedules or a plan, despite requesting and receiving an extension of time in which to file them. Rather, Debtor has filed documents making inflammatory allegations—against a petition preparer, Movant, Movant's counsel, the Chapter 13 trustee, the Chapter 13 trustee's counsel, individuals in the Clerk's Office, this Judge, and essentially all federal courts in the Eleventh Circuit. Debtor's lack of a proper motive can be assessed from his conduct in this case alone, but the Court notes that Debtor's conduct in this case is consistent with the conduct in his thirteen previous Chapter 13 cases in this district.[5]

Finally, Movant would have been entitled to relief from the automatic stay for cause had it requested relief before the foreclosure sale. Movant holds no claim in this case. A "claim" is a right to payment that is enforceable against the debtor or property of the debtor. *See* 11 U.S.C. §§ 101(5), 102(2); *see also generally Johnson v. Home State Bank*, 501 U.S. 78, 84–85, 111 S. Ct. 2150, 2154–55 (1991). Movant holds no claim in this case because Debtor is neither indebted to

---

[5] Debtor has filed fourteen Chapter 13 cases, and in none of them did Debtor file any schedules or a Chapter 13 plan, or otherwise show an indication that Debtor intended to prosecute the case. Debtor's first eleven cases were voluntarily dismissed shortly after filing, with Debtor never having filed schedules or a plan. In Debtor's twelfth case (Case No. 12-74903), Debtor's attempt to voluntarily dismiss prompted a Show Cause Order [Doc. 11, Case No. 12-74903] summarizing Debtor's filing history up to that point. The voluntary dismissal was denied for bad faith conduct, and the case was dismissed on January 18, 2013, under 11 U.S.C. § 109(g), rendering Debtor unable to file another Chapter 13 case for 180 days [Doc. 15, Case No. 12-74903]. Debtor filed a thirteenth case on February 3, 2015 (Case No. 15-52161). A week later, on February 10, 2015, Debtor filed a motion seeking an indefinite "stay" of the bankruptcy case for medical reasons (supported again by a note written by a John Turner, in this instance John W. Turner) [Doc. 14, Case No. 15-2161]. The case was dismissed on February 19, 2015, for Debtor's failure to pay the filing fee [Doc. 21, Case No. 15-52161]. Debtor appealed the dismissal to the District Court, who dismissed the appeal for Debtor's failure to pay the appeal fee [Docs. 23 & 31, Case No. 15-52161].

5

Movant nor is he the owner of the Property. Movant would not be entitled to, and could not be forced to, participate in this Chapter 13 case. *See generally* 11 U.S.C. § 502 (regarding allowance and disallowance of claims), § 1322(b) (defining what a Chapter 13 plan may provide for); § 1325(a)(5) (plan confirmation requirements for secured claims); *see also e.g.*, *Ulster Savings Bank v. Kizelnik (In re Kizelnik)*, 190 B.R. 171, 173, 184 (Bankr. S.D.N.Y. 1995) ("either relief from the stay under section 362(d)(1) for 'cause,' or dismissal of [debtor's] Chapter 13 case" was warranted when debtor-tenant "who [was] otherwise a stranger to the mortgage indebtedness" attempted to "block [a] foreclosure sale of the premises by filing a Chapter 13 petition").

Accordingly, for the reasons announced on the record and as supplemented herein, it is hereby **ORDERED** that Freedom Mortgage Corporation's Amended Motion to Validate Foreclosure Sale is ***granted***. When Debtor filed this bankruptcy case on June 5, 2018, the Property did not become property of Debtor's bankruptcy estate. The automatic stay in this bankruptcy case, therefore, did not apply to the June 5, 2018, foreclosure sale of the Property. Alternatively, to the extent the automatic stay did apply to the foreclosure sale of the Property, the automatic stay is annulled.

The Court did not rule on Debtor's Response & Motion for Sanctions at the hearing. The Court's ruling on the Amended Motion to Validate Foreclosure Sale, however, renders Debtor's Response & Motion for Sanctions moot. Accordingly, it is hereby **ORDERED** that Debtor's Response & Motion for Sanctions is ***denied as moot***.

**END OF ORDER**

**<u>Distribution List</u>**

James Daniel Cunningham
4313 Executive Dr
Stone Mountain, GA 30083

Sonya M. Buckley
Office of Mary Ida Townson
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Anjali Khosla
3145 Avalon Ridge Place, Suite 100
Suite 100
Peachtree Corners, Georgia 30071