UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | 18-59411 BEM |
| JAMES D. CUNNINGHAM | ) | |
| | ) | Chapter 13 |
| DEBTOR | ) | JURY DEMAND |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2018 SEP 14  PM 3: 39

M. REGINA THOMAS
CLERK
BY_____
DEPUTY CLERK

## MOTION TO OPEN DISCOVERY
### and
## STAY ACTION PENDING DISCOVERY
### and
## MOTION FOR HEARINGS

Comes now James D. Cunningham, Debtor in the above styled action, and moves this Court to open a period of Discovery.

Throught the orders entered by the Court, a number of issues are raised raised relative to facts, information, conversations documentary evidence adn other things that the Court and other parties, by the Court's own admission, are all privy to, where Debtor has not been and is not.

While issuing no order and providing no legal authority relative to its decision to deny Debtor's Constitutionally protected Rights to Due Process and hold the August 15 2018 Hearing that resulted in teh Court issuing its Order Validating Foreclosure Sale [Doc. 38], the Court made reference to the alleged fact that such was entered into the record of the hearing. Debtor is going to need toi be provided both the written and recorded transcript of that hearing.

The Court also ordered that particular documents were indeed faxed to and received by attorney for a creditor, Rubin Lublin, LLC, and that they were received well before the illegal foreclosure sale took place.

1

The Court also referenced actions by Debtor's „preparer", Darryl Smith (Smith), and Debtor will need to discover for himself the scipe of these actions. Further in relation to Smith and any of his actions on Debtor's behalf not properly performed have likely caused Debtor harm, and Debtor needs to discover the full scope of Smith's interaction with teh Bankruptcy Court, as it appears a number of actions have been filed against him concerning the fullfillmment of his duties to his clients, and Debtor needs to discover just how much responsibility rests with the NDGA Bankruptcy Court for harm caused him by Smith's being allowed by the Court to continue doing business.

There are actions by individuals and other things also referenced by the Court that Debtor needs to investigate to discover any and all relevancy to the Court's decisions in this matter.

Upon culmination of Discovery, Debtor moves the Court to set all of his pending motions down for hearing.

In consideration of the within and foregoing, Debtor moves this Court to open an adequate period of discovery so as to allow Debtor to make effort to attain all that has been provided to other parties but not to Debtor, and also including other pertinant and discoverable things other parties may also not have, but such that have been made relevant by the Court's rulings and to set down a hearing on all of Debtor's pending motions upon culmination of any such Discovery period, and to stay this action and the enforcement of all judgments threof, until hearings are held and motions are adjudicated.

Debtor separately moves the Court to immediately provide Debtor with both

the written and recorded transcripts from the August 15, 2018 Hearing,

Respectfully submitted this 14th day of September, 2018.

_____
James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

3

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have, this 14th day of September, 2018, served the within and foregoing upon the following, with proper first class postage applied.

Rubin Lubin, LLC
3145 Avalon Ridge Place #100
Peachtree Corners, GA 30071

Sonya N. Buckley Attorney for the
Chapter 13 Trustee
191 Peachtree St. Suite 2200
Atl, GA 30303

Joshua G. Crowe
48 Northlake Drive
Hartwell, GA 30643

John Turner
5013 Cagle Mill Rd.
Lula, GA 30554-2727

Oksana Sepich
Najarian Capital, LLC
6065 Roswell Road, Suite 880
Atlanta, GA 30328

_____
James D. Cunningham