**IT IS ORDERED as set forth below:**

**Date: November 9, 2018**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| | CASE NO. 18-59411-BEM |
| James D. Cunningham, | |
| Debtor. | CHAPTER 13 |

### ORDER DENYING MOTION TO AMEND JUDGMENT

This matter comes before the Court on James D. Cunningham's ("Movant") *Rule 9023 Motion to Amend Judgment* [Doc. 54] filed October 15, 2018 (the "Motion"). The Motion is the third motion to alter or amend two Orders, an *Order Denying Motion to Continue and Motion to Recuse or Disqualify Judge and Trustee and Change of Venue or in the Alternative Voluntarily Dismiss and Notice of D.O.J. Complaint* (the "Order Denying Continuance and Recusal") [Doc. 36], entered August 17, 2018, and an *Order Granting Motion to Validate Foreclosure Sale* (the "Order Validating Foreclosure") [Doc. 38], entered August 22, 2018 (collectively, the "Prior Orders") in this dismissed chapter 13 case[1]. The Court entered an Order

---

[1] Movant sought to voluntarily dismiss this chapter 13 case. An order was entered on August 27, 2018 granting that request. [Doc. 40].

Denying the first two motions to alter or amend the Prior Orders on October 12, 2018 (the "Order"). [Doc. 50].

In the present Motion, Movant argues that the Court did not address the legal errors asserted in the original motions to alter or amend, and that the Order "was not issued nunc pro tunc, nor was it issued as a clerical correction or anything similar. Rather, the Court untimely raised new alleged legal authority in support [of] the earlier orders…" [Doc. 54, p. 1]. Movant then asserts, as he did in the prior motions, that the Court denied his rights to due process by "not allowing Debtor to be heard…" *Id.* Movant also states that the prior motions are incorporated by reference in the Motion and again requests the Court change its ruling on the Motion to Continue filed on August 15, 2018. *Id.* at 1-2.

### I. Rule 9023 Standard

Movant seeks to alter or amend the Order pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9023, which makes Federal Rule of Civil Procedure ("Rule") 59 applicable to this proceeding. The Motion was filed within 14 days after entry of the Order and is therefore timely. FED. R. BANKR. P. 9023. The relief under Bankruptcy Rule 9023 sought by Movant is rare and granted only upon a showing of "newly-discovered evidence or manifest errors of law or fact." *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Hearn v. Intern'l Business Machines*, 588 Fed. App'x 954, 958 (11th Cir. 2014). Such motions cannot be used to relitigate issues already decided, to pad the record for an appeal, to substitute for an appeal, or to raise arguments which were or could have been raised before judgment was issued. *In re Kellogg*, 197 F.3d at 1120; *In re McDaniel*, 217 B.R. 348, 350–51 (Bankr. N.D. Ga. 1998) (Drake, J.); *In re Oak Brook Apartments of Henrico Cnty., Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Nor should such a motion be used "to test whether the Court will change its mind." *Brogdon ex. Rel Cline v. Nat'l Healthcare Corp.,* 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (citing, *McCoy v. Macon Water Auth.,* 966 F.Supp. 1209, 1233 (S.D. Ga. 1997); *Paper Recycling v. Amoco Oil Co.,* 856 F.Supp. 671, 678 (N.D. Ga. 1993)). Movant once again contends the Prior Orders are void because the Court violated his due process right to be heard.

## II. The October 12 Order

In the Order, the Court addressed each of the issues Movant argued were in error. First, the Court addressed whether it had previously found that Movant had a constitutionally protected right to be heard at the Hearing and whether the August 15 hearing was an impermissible ex parte hearing. [Doc. 50, p. 3-4]. The Court concluded that neither of these arguments has any support in the law because the order and notice of hearing issued did not make any findings or conclusions, rather it scheduled a hearing on several pleadings and the hearing was not ex parte because Movant was provided with notice and an opportunity to be heard. *Id.* at 5-6. Second, the Court addressed whether denying the motion to continue the August 15 hearing was in error. Movant filed the motion to continue 65 minutes prior to the August 15 hearing and the creditor seeking to validate a foreclosure sale objected to a continuance. The Court determined, after considering the factors identified by the Eleventh Circuit, that the motion to continue should be denied and there was no error in that ruling. *Id.* at 6. Third, the Court addressed Movant's argument that the denial of a motion to recuse this Judge and the chapter 13 Trustee was in error because Movant was not able to present evidence because the motion to continue was denied. *Id.* at 7. Finally, the Court addressed Movant's argument that because the continuance was denied and the hearing went forward he was unable to present evidence that would have changed the outcome of the hearing on the motion to

3

validate foreclosure. *Id.* at 7.    As discussed in the Order Validating Foreclosure and the Order, the Court concluded that Debtor had a mere possessory interest in the property at issue and that the automatic stay did not apply to the property or, in the alternative, that there existed sufficient grounds to annul the stay in favor of Freedom Mortgage Corporation. *Id.* at 8.  Movant offered no legal basis for reaching a different conclusion in the current Motion and was not, as discussed in the Order, deprived of notice or the opportunity to be heard on the Motion to Validate or the Motion to Recuse.

Movant also states that the Court did not make the Order nunc pro tunc to some prior date or indicate that it corrected some clerical error. It is not clear whether Movant contends that such deficiencies constitute error.  However, Movant does not provide any explanation for why such provisions may be appropriate or why the failure to include either of these provisions in the Order constitutes error. [Doc. 54, p. 1] Nor did Movant at any time request such relief, rather Movant has sought in all three motions to alter or amend to have the Court reverse its denial of the motion to continue. [Docs. 42, 43, 54].  Thus, there is no basis to alter or amend the Order.

To the extent Movant disagrees with the Court's conclusions the appropriate step is to appeal rather than filing additional motions under Bankruptcy Rule 9023 and Rule 59. *See* BLR 9023-1 (stating in part: "Parties and attorneys for the parties shall not file motions to reconsider the Bankruptcy Court's denial of a prior motion for reconsideration.").

For the reasons set forth herein, it is now hereby,

ORDERED that the **Motion [Doc. 54] is DENIED.**

4

## **Distribution List**

James Daniel Cunningham
4313 Executive Dr
Stone Mountain, GA 30083

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Rubin Lubin, LLC
3145 Avalon Ridge Place #100
Peachtree Corners, GA 30071